## SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

This Settlement Agreement and Release of All Claims ("Settlement Agreement") covers all understandings between Plaintiff Sherry Griggs (hereinafter referred to as the "Plaintiff") and Defendant Diversitech Corporation (hereinafter referred to as "Defendant," a term which includes any parent or subsidiary corporation, and its past and present employees, directors, representatives, shareholders, members, or other interest holders).

## RECITALS

1. Plaintiff Sherry Griggs originally filed this suit in the United States District Court for the Northern District of Georgia titled Sherry Griggs v. Diversitech Corporation, Case No. 13-CV-01739-SCT (the "Action").

2. In the Action, Plaintiff alleged violations of applicable wage laws. Plaintiff sought overtime compensation, liquidated damages and reasonable attorneys' fees and costs.

3. The parties have engaged in extensive negotiations concerning the settlement of the claims asserted in the Action. On June 17, 2013, Plaintiff reached a tentative settlement with Defendant. The settlement memorialized herein reflects that settlement. At all times, the parties' settlement discussions were non-collusive and at arms' length.

4. Plaintiff has concluded, based upon her investigation, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute the Action through the final trial, the risks and costs of further prosecution of the Action, the uncertainties of litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement with Defendant on the terms set forth here is fair, reasonable, and adequate, and in the best interests of the Plaintiff. Plaintiff has agreed to settle this Action with Defendant on the terms set forth herein.

5.  Defendant denies each of the claims asserted against it in the Action and makes no admission whatsoever of liability. Defendant nevertheless desires to settle the Action and the claims asserted in the Action, on the terms and conditions set forth herein, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the Action. Accordingly, the parties agree, covenant and represent that this Agreement shall not be treated, at any time and for any purpose, as an admission of liability or wrong doing of any kind whatsoever by Defendant. The parties intend that, except as necessary to carry out the terms of this settlement, this Agreement shall be, without written consent from Defendant, inadmissible in any proceedings pursuant to Federal Rule of Evidence 408 and corresponding or similar state law rules of evidence. The settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the settlement of the Action: (1) are not and shall not be deemed to be, and may not be uses as, an admission or evidence of any wrongdoing or liability on the part of the Defendant or of the truth of any of the factual allegations in the Action; (2) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and (3) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for certification of a collective or representative action.

## AGREEMENT

### 1.  RECITALS

The recitals set forth above are incorporated herein by reference and are explicitly made a part of this Settlement Agreement.

2.  **SETTLEMENT CONSIDERATION**

In consideration of the promises, covenants, and releases hereinafter set forth, the parties agree as follows:

A. Contingent upon judicial approval of this Settlement Agreement and dismissal of this Action with prejudice, Plaintiff shall receive a total amount of $30,000, which shall represent the full amount of unpaid overtime to which Plaintiff claims she is entitled, an equal amount in liquidated damages and attorneys' fees and costs.

B. The settlement amount paid to Plaintiff shall be apportioned as follows:

(1) a payment for the sum of $9,000 in wages, less applicable withholdings and deductions, including but not limited to, federal and state taxes, which payments shall be reported on W-2 forms issued to Plaintiff and

(2) a payment for the sum of $9,000 in liquidated damages, which payment shall be reported on IRS forms issued to Plaintiff, on which she shall be solely responsible for paying applicable taxes. Plaintiff hereby acknowledges that she shall only receive payments pursuant to Section 2 of this Agreement and that she is not entitled to any other compensation from Defendant.

C. In addition to the settlement consideration, Defendant shall pay to Plaintiff's counsel, Barrett and Farahany, LLP, $12,000 in attorney's fees, costs, and expenses for all services rendered to Plaintiff, provided that this amount is approved by the Court. Except as provided herein, the Parties shall bear their own attorney's fees, costs and expenses incurred in the prosecution, defense and/or settlement of the Action.

D.  All payments referenced in this Section 2 are contingent upon judicial approval of this Settlement Agreement and/or dismissal of the Action with prejudice. In the event neither contingency occurs, this Settlement Agreement shall be null and void and Defendant shall not be obligated to make any payment to Plaintiff or her counsel as set forth herein.

E.  Timing of Payment. The payments set forth in Sec. 2(B)(1) shall be delivered by Defendant to Plaintiff's counsel within fifteen (15) days of the Court's approval of this Agreement. The payments set forth in Section 2(B)(2) and 2(C) shall be delivered by Defendant to Plaintiff's counsel within ten (10) days of the Court's approval of this Agreement. Defendant shall issue the payments in the form of three (3) separate checks: one check for the amount set forth in Sec. 2(B)(1), one check for the amount set forth in Sec. 2(B)(2), and one check for the amount set forth in Sec.2(C).

### 3. ORDER DISMISSING CLAIMS WITH PREJUDICE

Plaintiff agrees to work with Defendant to file a Joint Motion for Approval of this Agreement and Dismissal of the Action with Prejudice. Plaintiff agrees that Defendant's obligations under this agreement, including payment terms, are contingent upon the Court approving the Parties' Agreement. Plaintiff agrees that the Court's approval of this Agreement requires Plaintiff to dismiss the Action with prejudice, and, to the extent the Court does not dismiss the action with prejudice contemporaneous to approving this Agreement, Plaintiff will file a stipulation of dismissal with prejudice with the Court.

### 4. RELEASE OF CLAIMS AND COVENANT NOT TO SUE

A.  Plaintiff acknowledges full satisfaction of, and fully, finally, and forever settles with, releases, and discharges the Released Parties of and from Settled Claims.

4

B.  For purposes of this Settlement Agreement, "Released Parties" means and includes Defendant, all of its affiliated, subsidiary, and parent companies, doing business in their own names and doing business under any other names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, independent contractors, representatives, attorneys, predecessors, successors, and assigns.

C.  For purposes of this Settlement Agreement, "Settled Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, liens, or liabilities, whether known or unknown, alleged or not alleged in the Action, suspected or unsuspected, contingent or vested, which Plaintiff had, now has, or may have in the future which were or could have been raised in the Action or any other action based in whole or in part upon, arising out of, or related in any way to the facts, circumstances, transactions, occurrences, events, acts, omissions, or failure to act that are related to their employment with Defendant. This includes but is not limited to matters arising out of or connected in any way with (i) any violations of the FLSA; (ii) any violations of any state wage and hours laws; or (iii) any other statutory or common law claims in connection with Plaintiff's employment by Defendant, as well as any and all claims for penalties, attorney's fees, costs, and/or expenses through the time when Plaintiff executes this Settlement Agreement. Plaintiff further covenants and agrees not to sue, or otherwise pursue or participate in litigation, alternative dispute resolution or any other means whatsoever with respect to any of the Settled Claims.

D.  The release provisions set forth above may be pleaded as a full and complete defense to, and may be used as the basis for injunction against, any action, suit, claim or other proceeding of any type which may be prosecuted, initiated or attempted in violation of the terms of this General Release.

## 5. NON-DISPARAGEMENT

Plaintiff agrees and promises that unless required to do so by law, she will not make any oral or written statements or reveal information to any person, company, agency or other entity which disparages or damage the Released Parties' reputation or business. Defendant agrees and promises that unless required by law to do so, it will not make any oral or written statements or reveal information to any person, company, agency or other entity which disparage or damages Plaintiff.

## 6. MISCELLANEOUS PROVISIONS

A. All the parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and this Agreement is made with the consent and advice of counsel.

B. This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the parties and as approved by the Court.

C. The parties and their respective attorneys shall proceed diligently to prepare and execute all documents, to seek the necessary court approvals and do all things necessary to consummate the settlement provided herein.

D. This Agreement constitutes the entire agreement between the parties concerning the subject matter hereof. No extrinsic oral or written representation or term shall modify, vary or contradict the terms of this Agreement.

E. Other than necessary disclosures made in camera to the Court, documents filed with the Court, and/or statements made to the Court, the fact of settlement and all related information shall be held strictly confidential by Plaintiff, Plaintiff's counsel and their agents until such time as the Court approves the settlement.

F. This Agreement is a contract between the parties and not merely a recital. Should either of the parties breach any term of this Agreement, the party in breach will be liable to the other party for reasonable attorneys' fees and costs incurred in attempting to enforce the terms of this Agreement.

G. This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of Georgia, both in its procedural and substantive aspects, and shall be entitled to the continuing jurisdiction of the United States District Court for the Northern District of Georgia. This Agreement is deemed to have been drafted jointly by the parties.

H. In the event that legal action arises out of this Agreement or is necessary to enforce any of the terms or provisions of this Agreement, the prevailing party in the action shall be entitled to recover its reasonable attorneys' fees and costs.

I. Plaintiff warrants that she is expressly authorized to enter into this Agreement.

Date: 6/24/2013

_/s/ Sherry Griggs_
Sherry Griggs

_/s/ V. Severin Roberts_
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Sherry Griggs*

Date: 6/25/2013

BY: _/s/_
Diversitech Corporation

/s/ Steven Whitehead ✱
Steven J. Whitehead
Georgia Bar No. 755480
*Attorney for Diversitech Corporation*

337931

7

✱ — with express permission by VSR